Steinberg, Fineo, Berger & Fischoff, P.C.
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136
Heath S. Berger, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:      Chapter 7
    Case No.: 11-70413-reg

PHS GROUP, INC.,

    Return Date: March 30, 2011

Debtor.

-----------------------------------------------------------------x

### OBJECTIONS OF MAIR FAIBISH TO
### (1) SIGNATURE BANK'S MOTION FOR AN ORDER DIRECTING A RULE 2004 EXAMINATION; AND
### (2) JOINDER REQUEST OF ERNST & YOUNG INC.; AND
### (3) JOINDER BY BROME FINANCIAL CORPORATION INC.; AND
### (4) JOINDER BY LLOYD I. MILLER, III AND MILFAM I L.P.

TO:    THE UNITED STATES BANKRUPTCY COURT
       EASTERN DISTRICT OF NEW YORK

Mair Faibish ("Faibish"), by his attorneys, Steinberg, Fineo, Berger & Fischoff, P.C., as and for his objections to

(1) the motion by Signature Bank ("Signature") seeking an Order directing Faibish to submit to an examination pursuant to Bankruptcy Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Rule 2004 Examination Motion");

(2) the Joinder Request of Ernst & Young Inc. (the "Ernst Joinder");

(3) the Joinder Request of Brome Financial Corporation Inc. (the "Brome Joinder"); and

(4) the Joinder Request of Lloyd I. Miller, III and Milfam I L.P. (the "Miller Joinder"),

states as follows:

## THE RULE 2004 EXAMINATION MOTION

1.    As a former officer of PHS Group, Inc. (the "Debtor"), it is admitted that Faibish is a proper subject of a Rule 2004 examination. However, Faibish was terminated from his position approximately four (4) months ago on or about December 22, 2010, which date was

approximately ten (10) days prior to the filing of the bankruptcy proceeding. Any plans to file the bankruptcy that Debtor may have had were unknown to Faibish until he was served with a copy of the Petition. As a result, Faibish has no knowledge of the events immediately preceding and causing the instant filing.

2. Further, it appears that many of the documents requested in "Exhibit A" of the Rule 2004 Motion are business records held by other entities, including the Debtor and which are not in Faibish's control or possession. This will be addressed in further detail hereinbelow.

3. Faibish further objects to the demands to the extent that it seeks to broaden the scope of discovery beyond that permitted by, or to impose obligations more extensive, burdensome or extensive than, those required by the applicable statutes and/or Rules.

4. Hereinbelow are specific objections to the documentary requests made by Signature so that it will be clear to this Court how few documents, if any, are actually within the possession, control, and/or knowledge of Faibish:

### *Specific Objections to Items Requested at Exhibit A*

(7) The requested documents are business records and are in the exclusive control and possession of Debtor.

(8) The requested documents are business records and are in the exclusive control and possession of Borrower.

(9) The requested documents are business records and are in the exclusive control and possession of Synergy.

(10) The requested documents are business records and are in the exclusive control and possession of Debtor.

(11) The requested documents are business records and are in the exclusive control and possession of Borrower.

(12) The requested documents are business records and are in the exclusive control and possession of Synergy.

(13) The requested documents are business records and are in the exclusive control and possession of Debtor.

(14) The requested documents are business records and are in the exclusive control and possession of Borrower.

(15) The requested documents are business records and are in the exclusive control and possession of Synergy.

(16) The requested documents are business records and are in the exclusive control and possession of Debtor, Borrower, and/or Synergy.

(17) The requested documents are business records and are in the exclusive control and possession of Debtor.

(18) The requested documents are business records and are in the exclusive control and possession of Borrower.

(19) The requested documents are business records and are in the exclusive control and possession of Synergy.

(20) The requested documents are business records and are in the exclusive control and possession of Debtor, Borrower, Synergy, and/or Signature Bank.

(21) The requested documents are business records and are in the exclusive control and possession of Debtor., Miller, and/or Milfam

(22) The requested documents are business records and are in the exclusive control and possession of Borrower, Miller, and/or Milfam.

(23) The requested documents are business records and are in the exclusive control and possession of Synergy, Miller, and/or Milfam.

(27) The documents sought herein are relative to a legal conclusion.

(28) The requested documents are business records and are in the exclusive control and possession of Debtor.

(29) The requested documents are business records and are in the exclusive control and possession of Debtor.

(30) The requested documents are business records and are in the exclusive control and possession of Debtor.

(31) The requested documents are business records and are in the exclusive control and possession of Debtor.

(32) The requested documents are business records and are in the exclusive control and possession of Debtor.

(33) The requested documents are business records and are in the exclusive control and possession of Debtor.

(34) The requested documents are business records and are in the exclusive control and possession of Debtor and/or Borrower.

(35) The requested documents are business records and are in the exclusive control and possession of Debtor and/or Synergy.

(36) The requested documents are business records and are in the exclusive control and possession of Borrower and/or Synergy.

(37) The requested documents are business records and are in the exclusive control and possession of Debtor and/or Miller.

(38) The requested documents are business records and are in the exclusive control and possession of Borrower and/or Miller.

(39) The requested documents are business records and are in the exclusive control and possession of Synergy and/or Miller.

(40) The requested documents are in the exclusive control and possession of Debtor, Borrower, and/or Synergy.

(41) The requested documents are in the exclusive control and possession of Debtor, Borrower, and/or Synergy.

(42) The requested documents are in the exclusive control and possession of Debtor, Borrower, and/or Synergy.

(43) The requested documents are in the exclusive control and possession of Debtor, Borrower, and/or Synergy.

(45) The requested documents are business records and are in the exclusive control and possession of Debtor, Borrower, and/or Synergy.

(46) The requested documents are business records and are in the exclusive control and possession of Plaintiff and/or the Companies.

(47) The requested documents are business records and are in the exclusive control and possession of Debtor, Borrower, Synergy, and/or any lender.

(48) The requested documents are business records and are in the exclusive control and possession of Debtor, Borrower, and/or Synergy.

(49) The requested documents are business records and are in the exclusive control and possession of Debtor, Borrower, and/or Synergy.

(50) The requested documents are business records and are in the exclusive control and possession of Debtor, Borrower, and/or Synergy.

## THE JOINDER REQUESTS

5. In the event that this Court finds that a 2004 Examination is warranted, Faibish objects to the Joinder requests made by Ernst, Brome, and Miller as he possesses no documents or information relevant to their claims.

### The Ernst Joinder

6. Faibish objects to the Ernst Joinder in that the information and/or documents which are sought by Ernst is solely within the control, possession, and/or knowledge of Debtor. As stated earlier, Faibish was terminated from his position with Debtor on or about December 22, 2010, and was not permitted to, nor did he, remove any business records and/or other documents from Debtor's possession, including, but not limited to, any documents related to shipments, invoices, and/or acknowledgements.

7. Therefore Faibish has no testimony to give, or documents to produce, which would be relevant or informative.

8. Further, Faibish had no knowledge of Debtor's plans to file the instant bankruptcy proceeding until he was actually served with the Petition. As a result, he had no knowledge of any asset planning which may have occurred prior to filing, nor of any discussions or documents, etc., which may be related to Debtor's plans to file.

9. Based on the foregoing, it is submitted that denial of the Joinder Request made by Ernst is warranted.

### The Brome Joinder

10. Similarly, Faibish objects to the Brome Joinder, as in that the information and/or documents which are sought by Ernst is solely within the control, possession, and/or knowledge of Debtor. As stated earlier, Faibish was terminated from his position with Debtor on or about December 22, 2010, and was not permitted to, nor did he, remove any business records and/or other documents from Debtor's possession, including, but not limited to, any documents related to receivables, invoices, and/or acknowledgements.

11. Therefore Faibish has no testimony to give, or documents to produce, which would be relevant or informative.

12. Further, Faibish had no knowledge of Debtor's plans to file the instant bankruptcy proceeding until he was actually served with the Petition. As a result, he had no knowledge of any asset planning which may have occurred prior to filing, nor of any discussions or documents, etc., which may be related to Debtor's plans to file.

13. Based on the foregoing, it is submitted that denial of the Joinder Request made by Brome is warranted.

### *The Miller Joinder*

14. As above, Faibish also objects to the Miller Joinder, as in that the information and/or documents which are sought by Miller is solely within the control, possession, and/or knowledge of Debtor. As stated earlier, Faibish was terminated from his position with Debtor on or about December 22, 2010, and was not permitted to, nor did he, remove any business records and/or other documents from Debtor's possession, including, but not limited to, any documents related to the location of any assets and the collectability of accounts receivables.

15. Therefore Faibish has no testimony to give, or documents to produce, which would be relevant or informative.

16. Further, Faibish had no knowledge of Debtor's plans to file the instant bankruptcy proceeding until he was actually served with the Petition. As a result, he had no knowledge of any asset planning which may have occurred prior to filing, nor of any discussions, documents, etc., which may be related to Debtor's plans to file.

17. Based on the foregoing, it is submitted that denial of the Joinder Request made by Miller is warranted.

WHEREFORE, it is respectfully requested that Signature's motion for a 2004 Examination be denied. In the alternative, it is requested that the Joinder Requests made by Ernst, Brome, and Miller be denied, together with such other and further relief as to this Court seems just, proper, and equitable.

Dated: March 24, 2011
      Woodbury, New York

Yours, etc.,

STEINBERG, FINEO, BERGER & FISCHOFF, P.C.

By: _____
Heath S. Berger
*Attorneys for Mair Faibish*
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136
hberger7802